CIRCUIT COURT OF WASHINGTON COUNTY, OCTOBER TERM, 1869.

## WM. WHITE *v.* J. W. THOMPSON, NORMAN MARTIN AND —— BRIDGWATER.

REGULAR PROCESS PROTECTS AN OFFICER.—An attachment issued on an insufficient affidavit will protect the officer who served it, but not the party and justice of the peace who caused it to issue.

JUSTICE'S DOCKET ENTRIES.—When a judgment is attacked collaterally, a court will not look outside the record to learn that the appointment of a special constable was not properly made.

EFFECT OF APPEARING.—When a docket entry shows that the defendant appeared, and does not show that the appearance was special, parol evidence will not be heard to attack the judgment collaterally.

IDEM.—Withdrawing defendant's appearance does not oust jurisdiction of the person.

EXEMPTION FROM EXECUTION.—Property cannot be recovered as exempt from execution "unless selected and reserved by the judgment debtor, or his agent, at the time of the levy or within a reasonable time after the levy shall be known to him.

IDEM.—When the constable was about to levy on wheat, and the defendant asked him to levy on the defendant's team, in place of the wheat, claiming no exemption, the levy is good.

ACTION for damages for the taking and detention of a pair of horses, the property of the plaintiff.

The answer defends, on the ground that the property was taken under an attachment, issued by the defendant, Martin, who was a justice of the peace, in an action for $29, commenced before him by defendant, Thompson, against this plaintiff, and was delivered to and served by defendant, Bridgwater, who was specially appointed by the justice, to serve the attachment; and alleges that eleven days after the seizure, Thompson obtained judgment in the action and issued execution, and Bridgwater, being specially appointed for that purpose, levied upon, and from that time held, the property on an execution.

The replication denies that the court had jurisdiction of the person of the defendant, jurisdiction to issue the attachment, under the judgment, or to issue the execution; and denies that the attachment was duly or regularly issued, and makes the same denials in regard to the execution.

The justice's docket was introduced in evidence, which contains the following entry: "H. Jackson, having appeared as attorney for the defendant, made and filed a motion to discharge the attachment above stated. Said motion being denied, the defendant withdrew."

The affidavit for attachment was as follows:

"In justice's court, before Norman Martin, for the precinct of Wapatoo, state of Oregon, county of Washington.

"J. W. Thompson    ⎫
       *v.*         ⎬
"William White.    ⎭

"J. W. Thompson, the plaintiff above named, being duly sworn, says:

1. "That a sufficient cause of action exists in his favor against the defendant, William White, the grounds of which appear in the sworn complaint hereunto annexed, all the statements contained in which are true to the knowledge of this deponent.

2. That the defendant is about to convey away and dispose of his personal property in such a manner as thereby to defraud his creditors of their just and lawful dues.

3. That the said plaintiff has commenced an action in this court by issuing the summons hereto annexed against said William White, upon the cause of action above annexed."

Subscribed and sworn, etc.

The affidavit was not annexed to the complaint or summons. The evidence shows that said White (then defendant) was a farmer at the time his team was levied upon. That the acting constable, Bridgwater, was about to levy on a quantity of wheat, but said White, desiring to use the wheat, requested the constable not to take it, but to levy on something else instead. Thereupon the constable took the horses in White's presence, and without objection. Parol evidence was offered, to show that the defendant's appearance in the original action was special. Both the attachment and execution were regular on their face.

*H. Jackson*, for the plaintiff, claimed that the appearance in the original action was special, and did not confer juris-

diction of the person, so as to enable the court to render judgment on the merits, after the defendant withdrew; that the defendant should show a case within sec. 120, p. 605 of the Code, to authorize a special constable; that the affidavit was insufficient; and that the property was exempt from execution.

*W. D. Hare,* for the defendant.

The writ protects the officer. The appearance of the defendant is shown by the docket, and does not appear to be special. The levy on the horses was made at this plaintiff's request. He did not demand the property as exempt. (Code sec. 279.) The affidavit for attachment is colorable, and sufficient to give jurisdiction.

UPTON, J. The following rulings were made in the case:

The affidavit for the attachment was insufficient to confer jurisdiction to issue the writ.

The writ of attachment is regular on its face, and protects the officer when sued for damages only.

The order appointing Bridgwater to serve process is in the form prescribed by sec. 120 of the justice's act. The court had jurisdiction to pass upon the necessity of the appointment, and has made such record as the law requires. When a court has acquired jurisdiction and is acting within it, error will not be presumed.

There being no fraud alleged, parol evidence is not admissible to dispute the docket of the justice of the peace, or to so explain it as to make it import a want of jurisdiction, when on its face it imports jurisdiction of the person.

The docket entry is evidence that the defendant appeared in the cause, and the appearance is equivalent to service of summons. The defendant's withdrawal from the cause did not oust the jurisdiction. The court had jurisdiction to render judgment and issue the execution.

A void attachment, although regular on its face, does not protect the defendants Thompson and Martin.

Property can not be claimed as exempt from execution, unless "selected and reserved by the judgment debtor or his agent at the time of the levy," or before sale and within

a reasonable time after the levy shall be known to him. It is too late, for one knowing of the levy from the first, to set up the claim after sale. (Code sec. 279.)

The plaintiff should recover from the defendants Thompson and Martin for the detention, from the time of the seizure of the property to the levy of the execution.